UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 05CV11095NG

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THOMAS ROY and
LISA ROY,
        Plaintiffs,

v.

DELAWARE NORTH
COMPANIES, INC. –
BOSTON,
        Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT, DELAWARE NORTH COMPANIES, INC. - BOSTON'S
MEMORANDUM OF REASONS IN SUPPORT OF THE MOTION TO COMPEL
DEPOSITION OF PLAINTIFFS, THOMAS ROY AND LISA ROY**

The defendant, Delaware North Companies, Inc. - Boston, hereby moves pursuant to Fed. R. Civ. P. 37(d) for an order compelling the plaintiffs, Thomas Roy and Lisa Roy, to appear for an oral deposition at the office of the defendants' counsel within twenty-one (21) days of the Court's allowance of the instant Motion. In accordance with Rule 37(d), the moving party also seeks costs and attorneys fees associated with filing this motion. As grounds for this Motion to Compel, the defendants state as follows:

    1.    This action arises out of plaintiff Thomas Roy's alleged fall down an escalator at the Fleet Center, now entitled TD Banknorth Garden.

    2.    The plaintiff, Thomas Roy, claims damages for his alleged injuries resulting from the aforementioned fall.

    3.    The plaintiff, Lisa Roy, brings a claim for loss of consortium resulting from the alleged injuries of her husband, Thomas Roy.

972984v1

4. The defendant sent a notice on September 21, 2005 for deposition of plaintiff Thomas Roy to appear on October 19, 2005.

5. The defendant sent a notice on September 21, 2005 for deposition of plaintiff Li Roy to appear on October 19, 2005.

6. On September 22, 2005, Douglas L Price, an associate working for defendant's counsel, Lawrence F. Boyle, and the plaintiff's counsel, Joseph G. Abromovitz, had a telephone conference to discuss discovery issues. Attorney Abromovitz stated that he would not produce either plaintiff for their depositions until he received a substantive response to his outstanding discovery requests from the defendant.

7. On September 22, 2005, Attorney Boyle sent written correspondence to Attorney Abromovitz informing him that he was in violation of Fed. R. Civ. P. 26(d), and asking him to comply with the notices of deposition.[1]

8. The rules state:

> Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery **may be used in any sequence**, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery. Fed. R. Civ. P. 26(d) (emphasis added).

9. The plaintiff is in explicit violation of the Federal Rules of Civil Procedure.

10. On September 27, 2005, Attorney Boyle received written correspondence dated September 23, 2005, from Attorney Abromovitz stating that he will not produce his clients for depositions until he receives a substantive response to his discovery requests.[2]

---

[1] A copy of the letter to plaintiff's counsel dated September 22, 2005, attached as Exhibit 1.
[2] A copy of the letter from plaintiff's counsel dated September 23, 2005, attached as Exhibit 2.

972984v1

11. On September 27, 2005, the Attorney Boyle received written correspondence dated September 26, 2005, from Attorney Abromovitz stating that he will not produce his client for deposition absent a court order.³

12. As of this date, the plaintiff has not moved for a protective order.

WHEREFORE, the defendant, Delaware North Companies, Inc. - Boston, hereby moves pursuant to Mass. Rules of Civil Procedure 37(d) for an order compelling the plaintiffs, Thomas Roy and Lisa Roy, to appear for an oral deposition at the office of the defendant's counsel within twenty-one (21) days of the Court's allowance of the instant Motion.

The Defendants,
DELAWARE NORTH COMPANIES, INC - BOSTON
By their attorney,

/s/ Boyle

Lawrence F. Boyle, BBO# 052680
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated:

---

³ A copy of the letter from plaintiff's counsel dated September 26, 2005, attached as Exhibit 3

972984v1

## CERTIFICATE OF SERVICE

I, Lawrence F. Boyle, hereby certify that I served a true and correct copy of the foregoing CERTIFICATE OF GOOD FAITH IN SUPPORT OF THE DEFENDANT DELAWARE NORTH COMPANIES, INC. - BOSTON'S MOTION TO COMPEL DEPOSITION OF PLAINTIFFS, THOMAS ROY AND LISA ROY to the following:

Joseph G. Abromovitz, Esquire
The Law Office of Joseph G. Abromovitz
858 Washington Street, 3rd Floor
Dedham, MA 02026

Dated: _____   Attorney: _____

972984v1

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

| | 250 SUMMER STREET | MASSACHUSETTS | CONNECTICUT |
|---|---|---|---|
| Lawrence F. Boyle | BOSTON, MASSACHUSETTS 02210-1181 | BOSTON | HARTFORD |
| Phone: 617-439-7588 | 617-439-7500 | FALL RIVER | NEW YORK |
| Fax: 617-342-4903 | FACSIMILE: 617-439-7590 | SPRINGFIELD | NEW YORK |
| lboyle@morrisonmahoney.com | | WORCESTER | NEW JERSEY |
| | | | PARSIPPANY |
| Douglas L Price | | RHODE ISLAND | ENGLAND |
| Phone: 617-439-7598 | | PROVIDENCE | LONDON |
| Fax: 617-342-4990 | | | |
| dprice@morrisonmahoney.com | | | |

September 22, 2005

Joseph G. Abromovitz, Esquire
The Law Office of Joseph G. Abromovitz
858 Washington Street, 3rd Floor
Dedham, MA 02026

Re:   ***Thomas Roy and Lisa Roy v. Delaware North Companies, Inc. - Boston***
      **Date of Loss: March 10, 2004**
      **Civil Action No.: 05CV11095NG**

Dear Mr. Abromovitz:

Pursuant to our telephone conference earlier today, this letter serves to confirm the extension of the deadline for response to the plaintiff's first set of interrogatories and the plaintiff's request for documents. As agreed, this deadline has been extended to October 3, 2005. We are in the process of acquiring information for our discovery responses.

With respect to our notice of the plaintiff's depositions, there is no sequence in which discovery is to be completed, and therefore, the depositions should proceed as scheduled. The rules are quite explicit on this point.

> Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery **may be used in any sequence**, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery. Fed. R. Civ. P. 26(d) (emphasis added).

1158295v1

**MORRISON MAHONEY LLP**

Tracy Oneale
September 16, 2005
Page 2

In addition, your discovery requests were not properly served because they occurred before the scheduling conference and were thus not in compliance with Federal Rule of Civil Procedure 26(f).

In conclusion, we will endeavor to complete our written discovery as soon as practical, and will expect that your clients will comply with the notices of deposition which are scheduled for October 19, 2005.

Very Truly Yours,

Lawrence F. Boyle
Douglas L Price

lfb/dp

Enclosure

1158295v1

## THE LAW OFFICE OF JOSEPH G. ABROMOVITZ, P.C.

ATTORNEYS AT LAW & PROCTORS IN ADMIRALTY

JOSEPH G. ABROMOVITZ *
jga@jga-pc.com

MARSHA A. MORELLO
mam@jga-pc.com

*ALSO ADMITTED IN FLORIDA

858 WASHINGTON STREET
THIRD FLOOR
DEDHAM, MASSACHUSETTS 02026
Telephone: (781) 329-1080  Facsimile: (781) 326-2157
www.jga-pc.com

Boston Office
77 North Washington Street
Second Floor
Boston, MA 02114

September 23, 2005

RECEIVED
SEP 27 2005
By LB/Doug

Lawrence F. Boyle, Esquire
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

RE:  Thomas Roy and Lisa Roy v. Delaware North Companies, Inc. – Boston
     United States District Court, Civil Action No. 05-11095NG
     Your File No. 10019058

Dear Larry:

I received your deposition notices for Thomas Roy and Lisa Roy. As I indicated in my telephone conversation with your associate, Doug Price, on September 22, 2005 will not produce either of my clients for depositions until such time as I have been provided with **substantive** responses to the outstanding interrogatories and Rule 34 requests that were propounded to your client two months ago. After I have received responsive discovery we then can discuss appropriate dates for my clients' deposition.

In my conversation with Attorney Price I extended until October 31, 2005 the time within which the defendant is to provide substantive discovery responses. Obviously the depositions will be scheduled sometime thereafter.

Very truly yours,
JOSEPH G. ABROMOVITZ, P.C.

Joseph G. Abromovitz (bc)

Joseph G. Abromovitz

JGA/bc

# THE LAW OFFICE OF JOSEPH G. ABROMOVITZ, P.C.

ATTORNEYS AT LAW & PROCTORS IN ADMIRALTY

858 WASHINGTON STREET
THIRD FLOOR
DEDHAM, MASSACHUSETTS 02026
Telephone: (781) 329-1080  Facsimile: (781) 326-2157
www.jga-pc.com

JOSEPH G. ABROMOVITZ *
jga@jga-pc.com

MARSHA A. MORELLO
mam@jga-pc.com

*ALSO ADMITTED IN FLORIDA

Boston Office:
77 North Washington Street
Second Floor
Boston, MA 02114

September 26, 2005

Lawrence F. Boyle. Esquire
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

RE: Thomas Roy and Lisa Roy v. Delaware North Companies, Inc. – Boston
United States District Court, Civil Action No. 05-11095NG
Your File No. 10019058

Dear Larry:

    I received your letter of September 22, 2005. Absent a court order I do not intend to produce my clients for depositions prior to receiving substantive responses to interrogatories and Rule 34 requests that have been propounded to your client.

Very truly yours,
JOSEPH G. ABROMOVITZ, P.C.

Joseph G. Abromovitz

JGA/bc

