```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
```

```
 _____
|                                |)
| THOMAS ROY and LISA ROY,       )
|      Plaintiffs,               )
|                                )
|      v.                        )    C.A. No. 05-11095-NG
|                                )
| DELAWARE NORTH COMPANIES, INC. )
| - BOSTON,                      )
|      Defendant.                )
|_____|)
GERTNER, D.J.:
```

### MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT
November 30, 2006

I.   **INTRODUCTION**

Plaintiffs Thomas and Lisa Roy bring this action against defendant Delaware North Companies, Inc., owner and operator of the Fleet Center in downtown Boston. Plaintiffs allege that defendant's negligence in the maintenance or operation of an escalator at the Fleet Center caused the Roys to fall down the escalator and be injured. Plaintiffs also sue for Lisa Roy's loss of consortium in her husband following his injuries.

Defendant moved for summary judgment on August 31, 2006 (document #13). The parties stipulated an extension of time for plaintiffs' response, and I endorsed the stipulation, giving plaintiffs until November 14, 2006 to respond to the summary judgment motion (document #16). Despite the extension, plaintiffs filed no response by the deadline, and still have not as of this writing. Therefore, I consider the motion for summary

judgment based on the record before me, which consists of plaintiffs' complaint, defendant's motion for summary judgment and supporting memorandum, and a number of exhibits - interrogatories, depositions, and affidavits - submitted by defendant in support of its motion.

Based on this record, I **GRANT** defendant's motion for summary judgment.

## II.   BACKGROUND

In accordance with the standard of review on a motion for summary judgment, the following statement of facts assumes the truth of the facts asserted by the plaintiffs.

On March 10, 2006, plaintiffs attended a Boston Celtics game at the Fleet Center, as guests of a business associate of Thomas Roy's.  They watched the game from a luxury suite; Thomas Roy drank four to five beers from the self-serve refrigerator in the suite, and Lisa Roy drank two to three rum and cokes bought from a bar on the same floor as the suite.  Despite consuming these drinks, neither Thomas nor Lisa Roy felt intoxicated or felt any effects from alcohol at the time of the incident described below.

After the end of the game, plaintiffs left the suite. Because the elevator was not working, they attempted to take an escalator from the Premium Level, where the suite was located, to a lower level.  As Lisa Roy stepped onto the escalator, she felt unable suddenly to move her foot, lost her balance, and began to fall.  Thomas Roy, walking just behind her, saw her begin to

fall, reached out to catch her, and lost his own balance. Neither remembers anything after this point, except that Thomas Roy awoke in the intensive care unit of Beth Israel Deaconess hospital, where he received treatment for a fractured neck and torn rotator cuffs in both shoulders.  He continues to suffer from constant pain in both shoulders, which limits his ability to exercise, perform chores, and sleep comfortably.  A minor arthritis has developed where the neck injury occurred.

   A Fleet Center employee, Shema Taylor, was stationed at the bottom of the escalator at the time of the incident, but was looking in another direction; she turned when she heard a loud noise, in time to see the couple tumble the entire length of the escalator, but not in time to see the beginning of the fall. There had been no issue or irregularity with the escalator during the 20 minutes prior that she had been stationed there.  Another unidentified Fleet Center employee rushed to shut down the escalator, stopping its motion, as soon as he saw the couple fall.

   The escalator was serviced on January 28, 2004, and inspected earlier in the day on March 10, 2004, the date of the fall.  On both occasions, the independent contractor who serviced the escalator reported that it was working as expected.

**III. ANALYSIS**

    **A.   Standard of Review**

A party moving for summary judgment is entitled to a judgment as a matter of law when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). To be considered material, a disputed fact "must have the potential to affect the outcome of the suit under the governing law." Hinchey v. Nynex Corp., 144 F.3d 134, 139 (1st Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986))(internal quotations omitted). An issue of fact is genuine only if a reasonable jury could resolve it in favor of either party. Basic Controlex Corp., Inc., v. Klockner Moeller Corp., 202 F.3d 450, 453 (1st Cir. 2000). Summary judgment is appropriate, however, "if evidence for one side is merely colorable, or is not significantly probative." Id. (quoting Anderson at 249-50)(internal quotations omitted).

The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact for trial. Hinchey at 140 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). After the moving party shows that there is an absence of evidence to support the nonmoving party's case, the burden shifts and the nonmoving party must demonstrate that a trier of fact reasonably could find in her

favor.  Id.  In deciding a motion for summary judgment, a court must draw all reasonable inferences in favor of the nonmoving party.  Douglas v. York County, 360 F.3d 286, 290 (1st Cir. 2004).

**B.   Analysis**

Plaintiffs raise claims of negligence and loss of consortium.  As defendant's liability on the loss of consortium claim depends upon the survival of the negligence claim, I consider the negligence claim here.

In order to make out a claim of negligence, the plaintiff must allege (1) that the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the plaintiff suffered injury, and (4) that the defendant's breach was a proximate cause of the plaintiff's injury. Bennett v. Eagle Brook Country Store, 408 Mass. 355, 358 (1990). The third element is undisputed in the record before me; defendant has not disputed Thomas Roy's enumeration of substantial injury requiring extensive treatment.  However, defendant argues that plaintiffs have failed to establish an issue of triable fact as to the second element, and therefore the fourth as well.  I agree.

There is no doubt that defendant owed plaintiffs a duty of care.  Under Massachusetts common law, "a landowner must act as a reasonable [person] in maintaining his property in a reasonably safe condition in view of all the circumstances, including the

likelihood of injuries to others, the seriousness of the injury, and the burden of avoiding the risk." Mounsey v. Ellard, 363 Mass. 693, 708 (1973).  The landowner is "not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate." Toubiana v. Priestly, 402 Mass. 84, 88 (1988).

    However, there is nothing in the limited record to indicate that defendant breached this duty in any way.  Plaintiffs merely state that they believe that the escalator was defective, without any basis for this belief.  Lisa Roy believes that the heel of her high-heeled shoe became stuck in something, likely the tread of the escalator, but neither she nor Thomas Roy was looking at the heel at any time during the incident, did not actually see it become stuck, cannot describe what it became stuck in, or can identify which shoe it was.  Lisa Roy Depo. at 62; Thomas Roy Depo. at 35-36.  They offer no description of the escalator's tread, and provide no evidence that there was anything unusual about it.  Lisa Roy Depo. at 62; Thomas Roy Depo. at 35-37.  Neither observed any irregularity in the escalator's movement, any foreign substance on the escalator, any wetness, or anything else to catch their attention concerning the escalator.  Lisa Roy Depo. at 71-72; Thomas Roy Depo. at 37.  Thomas Roy's belief that the heel became stuck is based entirely on his wife telling him so, and based on a statement by someone at the hospital, who in

turn was only repeating what Lisa Roy had said.  Thomas Roy Depo. at 42-43.  Plaintiffs concede that they actually observed nothing other than her loss of balance, his attempt to save her, and the subsequent fall.  The rest is merely their opinion, based on no evidence or observation.

Even without evidence as to the specific mechanism of the defendant's breach of duty, a plaintiff may still show breach indirectly under the doctrine of res ipsa loquitur, by showing that (1) the accident was the kind that does not ordinarily happen unless a defendant was negligent in some respect, and (2) other responsible causes, including the conduct of the plaintiffs, have been sufficiently eliminated by the evidence.  Restatement (Second) of Torts § 328D(1)(a) (1965).  "It is the function of the court to determine whether the inference may reasonably be drawn by the jury." Id. § (2).  Plaintiffs in this case have failed to fulfill the first prong, as falls down escalators can be expected to happen quite ordinarily in the absence of a defendant's negligence. See id. cmt. c ("[T]hat a man falls down stairs is not, in the absence of anything more, enough to permit the conclusion that there was negligence in . . . the construction of the stairs, because it is common human experience that such events all too frequently occur without such negligence.")  Courts have indeed found liability based on res ipsa loquitur where a plaintiff fell on an escalator, but only where the record showed something beyond the mere fact of the

fall itself. See e.g. Bell v. Westinghouse Electric Corp., 483 A. 2d 324 (D.C. App. 1984) (heel actually broke off in escalator's tread and showed markings from having been "grabbed" by tread); Snow v. Metropolitan Transit Authority, 323 Mass. 21 (1948) (evidence showed that while the plaintiff was ascending the escalator it suddenly went into reverse and the covering on the handrail came off and wound around the plaintiff's feet); accord Mendum v. Massachusetts Bay Transp. Authority, 1 Mass. App. 873 (Mass. App. 1974). Here, plaintiffs have not merely failed to describe the internal workings of the escalator - the kind of lack of information that res ipsa loquitur is meant to compensate for - but have not identified any way in which the escalator contributed to the fall beyond its happening to be the site of it.

**IV.    CONCLUSION**

The record provides no triable issues of fact upon which a reasonable fact-finder may determine that defendant was negligent, and therefore liable for either Thomas Roy's fall or Lisa Roy's loss of consortium. It is not necessary that plaintiffs be able at this point to describe exactly how the escalator's inner workings contributed to an unsafe situation, or what maintenance or operating procedures defendant failed to follow. But plaintiffs must provide some evidence, other than their unsupported belief, that there was some defect of the escalator, its operation, or its maintenance that contributed to

the fall.  This they have failed to do, and so defendant's motion for summary judgment on both of plaintiffs' claims is hereby **GRANTED.**

**SO ORDERED.**

**Date: November 30, 2006**         /s/*Nancy Gertner*
                                    **NANCY GERTNER, U.S.D.C.**